OPINION
{¶ 1} Appellant Ray Ann Craig appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, that concluded her minor children were neglected and dependent and continued temporary custody of the children with Appellee Tuscarawas County Department of Job and Family Services ("agency"). The following facts give rise to this appeal.
 {¶ 2} On July 27, 2004, the agency, with assistance from local law enforcement officials, took emergency custody of four minor children residing at appellant's residence. Appellant is the biological mother of the children. At the time of the children's removal, appellant's spouse, Allan Craig, the biological father of Rebecca and Allan, also resided at the residence.
 {¶ 3} The day following the children's removal, the agency filed a complaint alleging the children were abused, neglected and dependent. The agency requested temporary custody of the children. The trial court conducted a shelter care hearing that same day and ordered all four children into the temporary custody of the agency. The trial court made this order, over the objection of Ray and Pam Irwin, the maternal grandparents of the minor children. The children had previously been placed with the maternal grandparents during a prior case with the agency.
 {¶ 4} Thereafter, on August 16, 2004, Ray and Pam Irwin filed a motion to intervene. The trial court scheduled the motion to be heard at the disposition hearing of this matter. However, counsel for the Irwins failed to appear at the hearing. The trial court continued the hearing on the Irwins' motion until a later date. Subsequently, the trial court conducted a trial, on the complaint, on August 27, 2004, and September 22, 2004.
 {¶ 5} Following trial, the court issued a judgment entry dated October 13, 2004, in which it found the children to be neglected and dependent. The trial court dismissed the abuse allegation. At a dispositional hearing conducted on October 22, 2004, the trial court continued the children in the temporary custody of the agency and adopted the case plan proposed by the agency. Appellant filed objections to the adjudication and disposition, which the trial court overruled on December 17, 2004. The trial court conducted a hearing on Ray and Pam Irwins' motion to intervene on December 29, 2004. The trial court subsequently overruled the motion.
 {¶ 6} Appellant appeals from the trial court's overruling of her objections and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The clear and convincing evidence does not support a finding of neglect pursuant to R.C. 2151.03 as it concerns ray ann craig and her four children.
 {¶ 8} "II. The clear and convincing evidence does not support a finding of dependency as it concerns the four children of ray ann craig."
 I, II {¶ 9} We will address appellant's First and Second Assignments of Error simultaneously. In her First Assignment of Error, appellant maintains clear and convincing evidence does not support a finding of neglect. Appellant, in her Second Assignment of Error, contends clear and convincing evidence does not support a finding of dependency. We disagree with both assignments of error.
 {¶ 10} Appellant's assignments of error essentially claim that the trial court's findings of dependency and neglect are against the manifest weight of the evidence because said findings are not supported by clear and convincing evidence. Clear and convincing evidence has been defined by the Ohio Supreme Court in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, as:
 {¶ 11} "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."
 {¶ 12} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 13} In the case sub judice, the trial court found the children to be "neglected" pursuant to R.C. 2151.03(A)(2). R.C. 2151.03(A) defines a "neglected child" as follows:
 {¶ 14} "(A) As used in this chapter, `neglected child' includes any child:
 "* * *" {¶ 15} (2) Who lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian;"
 "* * *" {¶ 16} The trial court also made a determination that the children were "dependent" pursuant to R.C. 2151.04(C). This statute provides, in pertinent part, as follows:
 {¶ 17} "As used in this chapter, `dependent child' means any child:
 " * * * {¶ 18} (C) Whose condition or environment is such as to warrant the state, in the interest of the child, in assuming the child's guardianship;"
 "* * *" {¶ 19} Appellant argues neither of these findings, by the trial court, was established by clear and convincing evidence. Upon review of the record in this matter, we conclude the trial court's finding that the children were neglected and dependent is supported by clear and convincing evidence.
 {¶ 20} Ms. Hoop, an employee of the agency, testified regarding the condition of the residence. Tr. at 15-16. Ms. Hoop also testified regarding the condition of the children at the time of their removal from the residence. Id. at 18. Further, David Brown, the biological father of George, is a registered sex offender and has had no contact with his child. Id. at 20. Tim Lloyd, the biological father of Jazmine, has had little or no contact with the child. Id. at 21.
 {¶ 21} Teresa VanFossen, a patron of the Claymont Public Library, testified regarding her interaction with the family. Ms. VanFossen indicated her concern for the care the children were receiving based upon her observations. Id. at 36-45. Michael Tidrick, another patron of the library, also testified regarding his interaction with the family. Id. at 61-76. Crystal Arnold, a neighbor of the Craigs, testified regarding appellant's discipline of the children. Id. at 82-110. Jeremy Shaver, a police officer with the Uhrichsville Police Department, testified about his contact with the family upon receiving a call about the discipline of the children. Id. at 112-130. Finally, Georgiana Heddlestone and Alice Koile, employees of the library, testified regarding their observations of the family while visiting the library. Id. at 135-154; 158-186.
 {¶ 22} Based upon this evidence, we conclude the trial court's decision finding the four minor children to be neglected and dependent is not against the manifest weight of the evidence as said decision is supported by clear and convincing evidence.
 {¶ 23} Although not assigned as an assignment of error, appellant also argues the trial court relied upon evidence concerning the physical condition of the family's residence when no allegation concerning this issue was made in the complaint and no notice was provided to her of the agency's intent to rely upon such evidence.
 {¶ 24} A review of the complaint establishes that, under the dependency portion of the complaint, the final paragraph alleges "[t]he condition and environment of the * * * children is such, that in their best interest, the state is warranted in intervening in their temporary care and custody." Complaint, July 28, 2004, at 7. This allegation was sufficient to put appellant on notice that issues regarding the children's environment would be litigated before the trial court.
 {¶ 25} Accordingly, appellant's First and Second Assignments of Error are overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
Wise, J. Hoffman, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is affirmed.